UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLADSTONE ROBINSON JUNIOR, TTEE; NAILAH FEMI BOURNE, TTEE, <br><br> Plaintiffs, <br><br> -against- <br><br> THE ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS; UNITED STATES BANKRUPTCY COURT; UNITED STATES TRUSTEE'S, <br><br> Defendants. | 25-CV-1103 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Gladstone Robinson Junior and Nailah Femi Bourne, who reside in Staten Island, New York, bring this *pro se* action which is captioned for the "District Court of the United States for the Territory of New York" and described as an "Involuntary Chapter 11 Bankruptcy Petition for Non-Individual(s)." (ECF 1, at 1.) Named as Defendants on the complaint are the Administrative Office of the United States Courts, the "United States Bankruptcy Court," and the "United States Trustees." Although the complaint largely consists of conclusory statements and legal assertions, Plaintiffs appear to allege that their rights were violated in the course of bankruptcy proceedings in an unnamed United States Bankruptcy Court. Public records maintained in the Public Access to Electronic Court Records ("PACER") database show that Plaintiffs currently have approximately ten matters pending in the United States Bankruptcy Court for the Eastern District of New York. On February 19, 2025, Plaintiffs filed several motions seeking preliminary relief with respect to foreclosure of property located in Staten Island, New York, which may be associated with one of their bankruptcy proceedings in

the Eastern District Bankruptcy Court.[1] (*See* ECF 4-6.)[2] For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiffs bring this action regarding foreclosure of property located in Staten Island, Richmond County, New York. Richmond County is located within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Moreover, Plaintiffs' claims appear to be related to one of their ongoing bankruptcy proceedings in the Bankruptcy Court for the Eastern District. Nothing in the complaint indicates any connection to this District.[3] It is therefore clear from the face of the complaint that venue is not proper in this Court under Section 1391(b)(1), (2).

---

[1] Those submissions are also captioned for the "District Court of the United States for the Territory of New York," but they list as defendants CrossCounty Mortgage, LLC; McMichael Taylor Gray, LLC; and Richard Rosenzweig.

[2] Plaintiffs' motions were entered on the court's docket on February 21, 2025.

[3] This judicial District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland;

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the property that is the subject of this action is located in Staten Island, the events giving rise to Plaintiffs' claims appears to have occurred in Staten Island, and their claims appear to be related to their ongoing bankruptcy proceedings in the Bankruptcy Court for the Eastern District, the Eastern District is an appropriate venue for this action. *See* 28 U.S.C. § 1391(b)(2). In the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Court waives Local Rule Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court. The Clerk of Court is directed to terminate all pending matters.

---

(6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 25, 2025
          New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                           Chief United States District Judge