UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

NAILAH FEMI BOURNE and GLADSTONE
ROBINSON JR.,

                              Plaintiffs,

                                  **MEMORANDUM & ORDER**
                                  25-CV-1033 (EK)

          -against-

THE ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS, et al.,

                              Defendants.

---------------------------------------x

ERIC KOMITEE, United States District Judge:

       Plaintiffs filed this action in the Southern District of New York in February 2025. ECF No. 1. The case has since been transferred to this Court. ECF Nos. 8, 9. Plaintiff Robinson has applied to proceed *in forma pauperis*.[1] For the reasons discussed below, Robinson's application is denied without prejudice to renew.

       A court may waive filing fees upon finding that a plaintiff is indigent. 28 U.S.C. § 1915(a). A plaintiff seeking to proceed *in forma pauperis* must submit an affidavit stating that they are "unable to pay" filing fees "or give security therefor." *Id.* § 1915(a)(1). The plaintiff must also

---

[1] Plaintiff Bourne did not file an *in forma pauperis* application. The Clerk of Court notified her that she must file such an application or pay the Court's filing fee by March 19, or her case may be dismissed. *See* ECF No. 10.

include a "statement of all assets" he or she possesses. *Id.* When an applicant "fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024).[2]

      Robinson's financial declaration indicates that he only has $23, and that his sole income source is a monthly public benefit of "approximately $700 per month" received by the "beneficiary of the estate known as Gladstone Robinson Junior." ECF No. 2, at 2.[3]  In the section of the declaration dedicated to monthly expenses, Robinson simply states: "It is discharged annually by the Treasury." *Id*.  He does not, as the form requires, provide the amounts for monthly expenses.  Without that information, the Court cannot properly assess whether Robinson is entitled to *in forma pauperis* status.  To the extent Robinson relies on another person for support, he must say so. *Jones*, 2024 WL 2818138, at *1.

      Robinson's application is thus "incomplete and insufficient to establish an entitlement to *in forma pauperis*

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[3] Robinson also lists himself as "Gladstone Robinson Junior, T[rus]tee" in the caption of his IFP application.  To the extent he seeks to proceed on behalf of a trust, he is advised that "only a natural person may qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 197 (1993).

status." *Id.* Accordingly, the application is denied without prejudice to renew. Robinson must either file a completed long-form *in forma pauperis* application or pay the filing fee of $405 within fourteen days of this order's publication. If he fails to do so, he will be dismissed from this action without prejudice.

The Court will take no action on any pending motions at this time. *See* ECF Nos. 4-7. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Robinson, along with a long-form *in forma pauperis* application form.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   March 11, 2025
         Brooklyn, New York