```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

NAILAH FEMI BOURNE and GLADSTONE
ROBINSON JR.,
                                              MEMORANDUM & ORDER
                     Plaintiff[s],             25-cv-1033(EK)


              -against-


THE ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS, et al.,

                     Defendant[s].

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before this Court is an application for emergency relief. This action was filed on February 4 by Gladstone Robinson and Nailah Bourne (the "plaintiffs").[1] Plaintiffs filed this case in the United States District Court for the Southern District of New York, which transferred it here.

The document initiating the action is styled an "Involuntary Chapter 11 Bankruptcy Petition" rather than a complaint, despite the fact that it was filed in the district court. ECF 1. The filing names the Administrative Office of the United States Courts, the United States Bankruptcy Court, and the United States Trustee, "et al.," in the place in the

---

[1] Robinson and Bourne append the designation "TTEE" to their names, and identify themselves in the caption as "Debtors in Possession"; nevertheless, this order will refer to them as the plaintiffs.

caption that one would expect to see named defendants.[2] *Id.* The nature of plaintiffs' claims is unclear. They do allude, however, to particular remedies: in a section entitled "Petitioned Affirmative Relief Request," they ask for certain declaratory relief and $14 million in damages, among other things. ECF No. 1 at 18.

Plaintiffs have also filed an Emergency Motion for a Temporary Restraining Order "halting the foreclosure sale" of some unspecified property. ECF No. 4. That application is now denied, as plaintiffs have not shown a likelihood of success on the merits. *See generally MyWebGrocer, L.L.C. v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (describing the standard for relief on a preliminary injunction application). The plaintiffs do not say what property is in foreclosure or what party they expect will effectuate the foreclosure sale. To the extent they seek to enjoin some action on the part of the bankruptcy trustee, they have articulated no valid basis in law or fact for that relief. *See generally Sasmor v. Powell*, No. 11-CV-4645, 2011 WL 4460461, at *2 (E.D.N.Y. Sept. 26, 2011) (denying TRO regarding where plaintiff failed to allege key facts necessary to evaluate the merits of his argument); *Kottori*

---

[2] The filing refers to these agencies as the "deprivators" rather than defendants.

*v. FBI,* No. 10-cv-11913, ECF No. 24 (D. Mass. Mar. 4, 2011) (denying TRO application that was "unintelligible").

If plaintiffs wish to press their request for a preliminary injunction, they are directed to effectuate service on the defendants, confirm such service on the docket, and renew the request for injunctive relief at that time.

Finally, the plaintiffs' requests to proceed *in forma pauperis* are denied in light of their evocation of the Fifth Amendment right to remain silent in response to several questions on the *in forma pauperis* application, as well as additional questions that they otherwise refused to answer. *See* ECF Nos. 12, 14. Plaintiffs shall either pay the filing fee or submit completed *in forma pauperis* applications on or before April 3. The failure to do so may result in a dismissal.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    March 27, 2025
         Brooklyn, New York